```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
UNITED STATES OF AMERICA

          - against -
                                              17 Cr. 54 (NRB)
JASON CAMPBELL,
                                            MEMORANDUM & ORDER
          Defendant.
--------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Jason Campbell was sentenced on September 12, 2019 to 23 years in prison, following trial and his conviction by a jury for narcotics conspiracy, murder through a firearm during a drug trafficking crime, and use of a firearm during a drug trafficking crime. Campbell's appeal, ECF No. 171, was denied and this Court's judgment affirmed, ECF No. 181. Subsequently, he moved pro se for compassionate release from USP Beaumont, citing the risks posed by COVID-19 within the prison environment. Specifically, Campbell states that he takes a thyroid medication, which he claims compromises his immune system, that he has a "rare skin deficiency disease," and that he has scoliosis. Motion for Compassionate Release ("Mot."), ECF No. 183, at 1. For the following reasons, the application is denied.

Campbell's motion relies on 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce the term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a),

"it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3553(c)(1)(A). A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3553(c)(1)(A). While Campbell's motion for compassionate release is brought pro se and is therefore to "be construed liberally and interpreted to raise the strongest arguments [it] suggest[s]," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), Campbell nevertheless bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A), see United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992). Because he has failed to do so, his motion is denied.

First, we note that Campbell has failed to exhaust his administrative remedies. Instead, he urges the Court to waive

this requirement.[1] Even assuming arguendo that we have the ability to waive the administrative exhaustion requirement, Campbell has provided no basis for an equitable exception. Campbell states that he is unable to exhaust his administrative remedies because he has "shortness of breath, loss of scent, taste, along with a few body and headaches," and because inmates are at a heightened risk for COVID-19.[2] He further notes that he takes medication for his thyroid, his "rare skin deficiency disease," and his scoliosis. None of these are among the conditions that the Centers for Disease Control and Prevention ("CDC") report may increase a person's risk

---

[1] Campbell acknowledges that he has failed to exhaust his remedies but instead claims that "[f]ederal courts have found that where particular urgencys [sic] are shown to exists [sic]. . . that administrative exhaustion requirement can be waive [sic] if delay would cause irreparable injury[.]" Mot. at 2. While the Second Circuit has found that the exhaustion requirement is "[n]ot a jurisdictional limitation" but a "claim-processing rule" and accordingly, that it "'may be waived or forfeited' by the government," it has not directly addressed whether the Court can waive the requirement sua sponte. United States v. Saladino, 7 F.4th 120, 123 (2d Cir. 2021); see also United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021) ("As we explained above, a court may reduce a sentence under § 3582(c)(1)(A) only if three conditions are in place: administrative exhaustion (absent waiver or forfeiture by the government); satisfaction of the § 3553(a) factors; and extraordinary and compelling reasons."). Courts in this District are therefore divided on whether the administrative exhaustion requirement may be waived sua sponte. Compare United States v. Roberts, No. 18 Cr. 528-5 (JMF), 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020) (finding the Court could not waive administrative exhaustion because "the Court must abide by Congress's choice, given Section 3582(c)'s clear command that the Court 'may not' grant compassionate release except under the conditions Congress prescribed."); with United States v. Scparta, No. 18 Cr. 578 (AJN), 2020 WL 1910481, at *8 (S.D.N.Y. Apr. 20, 2020) ("[T]he First Step Act's text, history, and structure all counsel in favor of concluding that the statute's exhaustion requirement is amenable to equitable exceptions.").
[2] The contrast between Campbell's circumstances and circumstances in which courts have granted equitable exceptions are highlighted by the case upon which he principally relies, United States v. Perez, 451 F. Supp. 3d 288 (S.D.N.Y. 2020). There, the Court found that requiring an inmate to exhaust his administrative remedies was futile because the inmate had fewer than 30 days left on his sentence, so that "delaying release amounts to denying relief altogether." Id. at 293. Campbell still has the vast majority of his 23-year sentence remaining.

of illness from COVID-19. See People with Certain Medical Conditions, CDC, (https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 2, 2022). While the CDC notes that individuals who are immunocompromised are at high risk for COVID-19, Campbell does not submit any evidence showing that he is immunocompromised, or indeed, any medical records whatsoever. In the absence of any evidence, Campbell has not shown any reason why he is unable to exhaust his administrative remedies. Moreover, Campbell's failure to show any medical condition that would put him at greater risk of contracting COVID-19 means that he has also failed to show the extraordinary or compelling circumstances required for this Court to grant a motion for compassionate release. See United States v. Sattar, 467 F. Supp. 3d 152, 155-56 (S.D.N.Y. 2020) (finding no extraordinary or compelling reasons for granting compassionate release where defendant had, inter alia, a thyroid condition).[3]

Further, the application of the factors set forth in 18 U.S.C. § 3553(a) counsels against release. Those factors include "the nature and circumstances of the offense," as well as the need "to

---

[3] While Campbell expresses his concern about the risk of contracting COVID-19 in prison, he also claims that are "no known effective treatments/vaccines," Mot. at 2. We note in contrast to this claim that COVID-19 vaccines are safe, effective, and have been available to prisoners for many months. See COVID-19 Vaccines Work, CDC (https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last updated December 23, 2021). Campbell has not informed this Court whether he has taken a vaccine.

protect the public from further crimes of the defendant." See 18 U.S.C. §§ 3553(a)(1), (a)(2)(C). As this Court noted at sentencing, Campbell has an extensive criminal record and is classified as a career offender. Sentencing Tr. at 36:9-10. He was sentenced for extremely serious crimes, including murder in furtherance of a drug trafficking conspiracy. In determining that a sentence of 22 years' incarceration was appropriate, the Court found that "[v]irtually all the 3553(a) factors are implicated in the analysis of the appropriate sentence to impose." Id. at 36:15-17. The Court does not weigh those factors differently now.

Accordingly, the Court denies Campbell's motion. Because Campbell has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444 (1962).

**SO ORDERED.**

Dated:   New York, New York
         June 27, 2022

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

<u>Defendant (pro se)</u>

Jason Campbell

A copy of the foregoing Memorandum and Order has been mailed to:

Jason Campbell, #70954-054

USP Beaumont

P.O. Box 26030

Beaumont, TX 77720